UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR00-599 RSL |
| Plaintiff, | ) | |
| v. | ) | SUMMARY REPORT OF U.S. |
| | ) | MAGISTRATE JUDGE AS TO |
| BRADLEY PAUL DUNKLING, | ) | ALLEGED VIOLATIONS |
| | ) | OF SUPERVISED RELEASE |
| Defendant. | ) | |

An initial hearing on supervised release revocation in this case was scheduled before me on October 29, 2009. The United States was represented by AUSA Adam Cornell and the defendant by Michele Shaw. The proceedings were digitally recorded.

Defendant had been sentenced on or about July 20, 2001 by the Honorable Robert S. Lasnik on a charge of Conspiracy to Distribute Marijuana and sentenced to 87 months custody, 3 years supervised release. (Dkt. 59.)

The conditions of supervised release included the standard conditions plus the requirements that defendant submit to mandatory drug testing, participate in a drug treatment program, abstain from alcohol, pay restitution in the amount of $10,000, provide his probation

officer with access to financial information, be prohibited from incurring new credit obligations or lines of credit, not be self-employed or employed by friends, relatives or other persons previously known to defendant unless approved by his probation officer, obtain approval for all employment and provide verification, and not work for cash.

The conditions of supervised release were modified on March 1, 2006 to require defendant to maintain a single checking account for all financial transactions, to divulge all business interests to his probation officer, and to be prohibited from gambling or being involved in any gambling establishments or activity unless approved. (Dkt. 84.) On September 19, 2007, defendant admitted violating the conditions of supervised release by engaging in gambling and being involved in a gambling establishment without approval. (Dkt. 92.) Defendant was sentenced to five months in custody (the last 30 days being in a community confinement center), 28 months supervised release. (Dkt. 96.)

On February 4, 2008, defendant's supervised release was modified to require participation in a home confinement program with electronic monitoring for 30 days, in lieu of the community confinement center. (Dkt. 99.)

In an application dated September 28, 2009 (Dkt. 100), U.S. Probation Officer Brian K. Facklam alleged the following violations of the conditions of supervised release:

1. Associating with James "Jamie" Barrett, a convicted felon, in violation of standard condition 9.

2. Associating with others engaged in criminal activity, in violation of standard condition 9.

3. Failing to disclose all assets to the probation officer in violation of his special

conditions of supervision.

4. Incurring new credit charges without approval of the probation officer in violation of his special conditions of supervision.

Defendant was advised in full as to those charges and as to his constitutional rights.

Defendant admitted the alleged violations and waived any evidentiary hearing as to whether they occurred.

I therefore recommend the Court find defendant violated his supervised release as alleged, and that the Court conduct a hearing limited to the issue of disposition. The next hearing will be set before Judge Lasnik.

Pending a final determination by the Court, defendant has been released on the conditions of supervision.

DATED this 29th day of October, 2009.

_____
Mary Alice Theiler
United States Magistrate Judge

cc: District Judge: Honorable Robert S. Lasnik
     AUSA: Adam Cornell
     Defendant's attorney: Michele Shaw
     Probation officer: Brian K. Facklam